Plaintiff entered into two contracts with military agencies for the manufacture and sale of self-contained electric air conditioning units; although negotiated in form, each contract award was made on a competitive basis. Each solicitation and contract specifically restricted the compressor, one of the components of the unit, to a single acceptable type obtainable only from a single source. Plaintiff contends that because of events emanating from its performance of a prior contract with a military agency for the same kind of air conditioner, it was authorized alternatively to substitute another compressor costing about one-fifth the cost of the one specified consonant with its value engineering change proposal (VECP); contends, in effect, that the Government’s officer contracted away without limitations as to time or quantity the Government’s right to decide what it wanted to buy or at the least its right to change a specification from contract to contract even when convinced of its defects; and contends that when the contracting officers insisted upon compliance with the formal specifications of the two later contracts requiring use of the compressor stated therein, this was a change in the contracts entitling plaintiff to equitable adjustments in the contract prices. This suit seeks review under Wunderlich Act criteria of a decision of the Armed Services Board of Contract Appeals denying plaintiff’s claims. On January 31, 197,3 Commissioner Philip E. Miller filed a report setting forth at length the events leading up to the Government’s acceptance of a substitute compressor pursuant to plaintiff’s VECP for use in performance of the earlier contract. The Commissioner concluded that plaintiff has failed to show that anyone intended to promise or was authorized to make a promise that on all procurements of air conditioners of the type covered by the earlier contract the lower cost compressor was a qualified alternative once the additional hours of life testing were completed successfully. The Commissioner also concluded that plaintiff has not shown that it was free to disregard future solicitations, specifications *887 and drawings inconsistent therewith, or that contracting officers were never thereafter free to specify the higher cost component in any future solicitation or contract. The Commissioner also concluded that plaintiff was not misled and did not rely to its detriment on its asserted construction of a teletype message referring to the earlier contract, which confirmed successful completion of contract testing with the alternative compressor and approved the VECP under the contract, since plaintiff made its cost computations and submitted its bids respecting the two later contracts prior to the teletype message. A private agreement, such as plaintiff claims existed, between Government officials and a single bidder to allow it to use a lower cost component than that expressly set forth in the solicitation would be so contrary to law and applicable regulations as to make it unreasonable to impute it to the Government, and if imputable would be invalid. The Commissioner recommended dismissal of the petition. This case came before the court on defendant’s motion that the court dismiss the petition since plaintiff has failed to timely request review by the court of the Commissioner’s decision. Upon consideration thereof and without oral argument and since the court agrees with the Commissioner’s decision, the court adopted the decision as the basis for its judgment in this case. On April 27, 1973, the court, by order denied plaintiff’s motion for summary judgment, granted defendant’s cross-motion for summary judgment and motion to dismiss, and dismissed the petition.